## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LANDON PROTHRO,          )
                                   )
            Plaintiff,    )
                                   )
         vs.           )    Case No. <u>13-cv-2491 CM/JPO</u>
                                   )
CARL CORNWELL,       )
                                   )
            Defendant.  )

## COMPLAINT

Plaintiff Landon Prothro, by and through undersigned counsel, for his causes of action against defendant Carl Cornwell, states and alleges as follows:

### Parties

1. Plaintiff Landon Prothro is a resident of Missouri residing at 3601 State Line Road, Kansas City, Missouri 64111.

2. Defendant Carl Cornwell (hereinafter "Cornwell") is a resident of Kansas.

3. At all times relevant hereto Cornwell was an attorney duly licensed to practice law in the state of Kansas.

### Jurisdiction and Venue

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy is in excess of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. Venue is proper pursuant to 28 U.S.C. § 1391(a)(1) because a substantial part of the acts and omissions giving rise to plaintiff's claims occurred in Kansas and Cornwell is subject to personal jurisdiction in Kansas.

### Factual Allegations

6.      On February 11, 2006, the State of Kansas filed Case No. 06CR00560 in Johnson County District Court charging plaintiff with one count of burglary and one count of theft.

7.      On February 17, 2006, a hold was issued for plaintiff by the State of Kansas and received by Platte County, Missouri, where plaintiff was incarcerated on charges pending in *State of Missouri v. Landon Prothro*, Case No. 06AE-CR00572-01.

8.      On August 23, 2007, plaintiff was received in Kansas on a disposition detainer.

9.      On March 25, 2008, the State of Kansas filed Case No. 08CR00687 in Johnson County District Court charging plaintiff with one count of felony theft and eight counts of burglary.

10.     On May 29, 2008, plaintiff was sentenced pursuant to a plea agreement in Case No. 06CR00560 to 34 months on Count I (Burglary) and 13 months on Count II (Theft) to run consecutively with each other (47 months total) and concurrently with his sentences on cases disposed of in Missouri.

11.     On June 27, 2008, plaintiff was sentenced pursuant to a plea agreement in Case No. 08CR00687 to 32 months on Count III (Burglary) and 12 months on Count IV (Burglary) to run consecutively with each other (44 months total), consecutively with his 47 month sentence in Case No. 06CR00560 and concurrently with his sentences on cases disposed of in Missouri.

12.     In November of 2011, while serving his sentences, plaintiff discovered that Kansas had incorrectly determined that his sentence start date was August 23, 2007 (the date he arrived in Kansas for disposition of his Kansas charges), instead of February 17, 2006, the date when the Kansas hold was received by Platte County, Missouri.

13.     On December 22, 2011, plaintiff retained Cornwell and paid Cornwell $600.00 to take all appropriate steps to correct plaintiff's sentence start date, which would allow plaintiff to be released from prison on July 27, 2012, instead of February 13, 2013 (calculated with the incorrect sentence start date).

14.     Cornwell confirmed his representation of plaintiff in a letter dated December 28, 2011, attached hereto as Exhibit A and incorporated herein by reference.

15.     On December 28, 2011, Cornwell filed an Entry of Appearance on behalf of plaintiff is Case No. 06CR00560.

16.     On January 1, 2012, plaintiff sent Cornwell a letter thanking him for agreeing to represent him with regard to plaintiff's incorrect sentence start date, and enclosed a transcript of his plea and sentencing hearing in Clay County, Missouri. (Letter of January 1, 2012 attached hereto as Exhibit B and incorporated herein by reference).

17.     On January 18, 2012, Cornwell sent plaintiff a letter stating:

I'm going through the transcript that you sent me.  I've also talked with the prosecutor who was less than kind when I first talked to him about the case.  However, I am trying to resolve the matter such that you will be given credit for the day you were indicted and not the date you got to Johnson County.  Hang in there.  I'll let you know where we are.  (Letter attached hereto as Exhibit C and incorporated herein by reference).

3

18.     On January 22, 2012, plaintiff sent Cornwell a letter stating in relevant part:

> Enclosed please find copies of letters sent to Pete Edlund and Mark Gibson requesting they each submit to the Missouri Parole Board a letter of opinion regarding my potential release.  I feel it is advantageous to keep you fully informed of the steps I am taking with respect to preparing for my parole hearing.
>
> I am honored and humbled that you are diligently looking into my case. . . In no way do I intend to seem demanding or pushy but it is imperative that a conclusion be reached in Kansas prior to my parole hearing in Missouri. My parole hearing will be in early March [of 2012] though I have not been notified of the exact date.  I do not dismiss the glacial movement of the judicial system or your busyness but I must ensure I am completely and properly prepared for my parole hearing.  (Letter attached hereto as Exhibit D and incorporated herein by reference).

19.     In May of 2012, Cornwell told plaintiff that he had spoken to Assistant District Attorney Chris McMullin about plaintiff's case and that Chris McMullin had requested a "life circumstance" letter from plaintiff regarding his case.

20.     On May 15, 2012, plaintiff mailed Cornwell the "life circumstance" letter that he had requested, but Cornwell never opened the letter or sent it to Assistant District Attorney Chris McMullin.

21.     Between January 22, 2012 and June 5, 2012, Cornwell failed to take any action whatsoever to represent plaintiff.

22.     On June 6, 2012, plaintiff called Cornwell's office and explained to Cornwell that he was nearing his release date in Missouri and that he needed some type of information about his Kansas hold so he would know how to proceed.  Cornwell advised plaintiff that he was still working with the Johnson County District Attorney's office and advised plaintiff to call him every week until the matter was resolved.

4

23.     On June 13, 2012, plaintiff called Cornwell who informed him that there had been no new developments.  Cornwell advised plaintiff that he was dealing with Assistant District Attorney Chris McMullin regarding plaintiff's situation.   Cornwell stated, however, that Mr. McMullin was in a murder trial and now would not be a good time to speak with him.  Cornwell also stated that he had not forwarded any information to the Johnson County District Attorney's office about plaintiff.  Cornwell asked plaintiff to call him back the following week for further information.

24.     On June 20, 2012, plaintiff called Cornwell but was informed by his assistant that he was out of the office.

25.     On June 22, 2012, at Cornwell's request, plaintiff sent him a letter containing information about who to contact to obtain plaintiff's parole file, but Cornwell never opened the letter.

26.     On June 24, 2012, plaintiff's girlfriend, Christa Krasson, sent Cornwell an email explaining in detail who Cornwell should contact to assist him in his representation of plaintiff.  (Email of June 24, 2012 attached hereto as Exhibit E and incorporated herein by reference).

27.     On June 27, 2012, plaintiff called Cornwell twice but no one answered his telephone.

28.     On June 28, 2012, plaintiff called Cornwell four times.  On each occasion, plaintiff was told that Cornwell was not in the office.

29.     On June 29, 2012, plaintiff called Cornwell and was told that he was not in the office.

30.     On July 2, 2012, plaintiff called Cornwell's office on three separate occasions but no one answered his telephone

31.     On July 5, 2012, plaintiff called Cornwell's office on two separate occasions and no one answered his telephone.

32.     On July 15, 2012, plaintiff's girlfriend, Christa Krasson, again sent Cornwell an email informing him how he could obtain Kansas Department of Corrections' documents for use in representing plaintiff.   Ms. Klasson also asked Cornwell the following questions:

        A.     Have you met with Chris McMullin?

        B.     Have you made an appointment to speak with caseworker Tammy Lunsford about Landon's inmate file?

        C.     Did you contact the parole board to determine whether there are additional documents that the parole board would provide you to assist in your representation of Landon?

        D.     Have you made use of all of the materials we have forwarded to you?  (Email of July 15, 2012 attached hereto as Exhibit F and incorporated herein by reference).

33.     On July 17, 2012, plaintiff called Cornwell's office on six separate occasions but no one answered his telephone.

34.     On July 18, 2012, plaintiff called Cornwell's office and spoke with Cornwell about the status of his case.  Cornwell told plaintiff that he was waiting to hear from the Johnson County District Attorney's Office who was reviewing material relevant to plaintiff's case, which Cornwell said he had delivered.   Cornwell said he had received some emails about the status of plaintiff's case from plaintiff's girlfriend and said, "The only thing that is going to come from rushing me, is it is going to piss me off." Cornwell also stated that if he was rushed, nothing would get done on plaintiff's case.

35.     On or about August 15, 2012, plaintiff called Cornwell about the status of his case.  Plaintiff told Cornwell that he had called because it had been a month since he had last spoken to Cornwell and he was now beyond the date he should have been released from prison on his Kansas charges.  Cornwell told plaintiff that he was working on it and that he was "getting there."  Plaintiff expressed concern that he would end up having to go to Kansas to serve time when he should not have to.  Plaintiff's statement agitated Cornwell who then said, "Hey, I'm asking a favor [from the Johnson County District Attorney's office].  Do you understand that?  I am asking for a personal favor from this man."

36.     On August 23, 2012, having not heard from Cornwell, plaintiff wrote Cornwell a letter asking him to withdraw as his counsel.  (Letter of August 23, 2012, attached hereto as Exhibit G and incorporated herein by reference).

37.     On September 11, 2012, plaintiff retained attorney Michael S. Jones to correct plaintiff's sentence start date.

38.     After retaining attorney Michael S. Jones, plaintiff's family retrieved plaintiff's file from Cornwell and discovered that Cornwell had failed to open the letters plaintiff had sent to Cornwell (at Cornwell's request) to assist Cornwell in his representation of plaintiff.

39.     On October 2, 2012, through the efforts of attorney Michael S. Jones and his communications and work with Chris McMullin of the Johnson County District Attorney's office, the Johnson County District Court ordered that plaintiff's sentence start date be changed from August 23, 2007 (the date plaintiff was received in Kansas) to February 16, 2006, the date Kansas placed a hold on plaintiff while he was incarcerated in Missouri.  (Journal Entry of October 2, 2012 attached hereto as Exhibit H and incorporated herein by reference).

40.     On October 12, 2012, as a direct and proximate result of attorney Michael S. Jones' efforts, plaintiff was released from prison.

41.     From December 22, 2012 through August 23, 2013, the time period when Cornwell was purportedly representing plaintiff, Cornwell:

A.     Never contacted the Johnson County District Attorney's Office on plaintiff's behalf;

B.     Never sent an email, a letter, a fax or any other document to the Johnson County District Attorney's office on plaintiff's behalf;

C.     Never met with or spoke to Johnson County Assistant District Attorney Chris McMullin;

D.     Repeatedly lied to plaintiff and his family about having met with and spoken to Johnson County Assistant District Attorney Chris McMullin on plaintiff's behalf;

E.     Never filed any motions or other paperwork of any kind with any court in an effort to have plaintiff's sentence start date corrected;

8

F.      Wholly failed to keep plaintiff informed about the status of his case and the efforts Cornwell had taken to correct plaintiff's sentence start date;

G.      Repeatedly and intentionally lied to plaintiff about the efforts he was taking to represent plaintiff; and

H.      Failed to open letters from plaintiff that he requested and that would have helped correct plaintiff's sentence start date.

### COUNT I – LEGAL MALPRACTICE

Plaintiff Landon Prothro, for Count I of his causes of action against Cornwell, states and alleges as follows:

42.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.     Cornwell, in performing legal services for plaintiff, had a duty to use that degree of learning, skill and care that a reasonably competent lawyer would use in similar circumstances.

44.     Cornwell breached his duty to plaintiff and was careless and negligent in his representation of plaintiffs by:

A.      Failing to contact the Johnson County District Attorney's Office on plaintiff's behalf;

B.      Failing to send an email, a letter, a fax or any other document to the Johnson County District Attorney's office on plaintiff's behalf;

C.      Failing to meet with anyone at the Johnson County District Attorney's office on plaintiff's behalf;

D.      Failing to meet with Assistant District Attorney Chris McMullin on plaintiff's behalf;

E.      Repeatedly lying to plaintiff about having met with and spoken to Johnson County Assistant District Attorney Chris McMullin on plaintiff's behalf;

F.      Failing to file any motions or other paperwork of any kind with any court in an effort to have plaintiff's sentence start date corrected;

G.      Failing to keep plaintiff informed about the status of his case and the efforts he had taken to correct plaintiff's sentence start date;

H.      Failing to open correspondence from plaintiff that he had requested to assist with his representation of plaintiff;

I.       Repeatedly and intentionally lying to plaintiff about the efforts he was taking to represent plaintiff; and

J.      Failing to take any action whatsoever to represent plaintiff.

45.     As a direct and proximate result of Cornwell's legal malpractice, plaintiff wrongfully served 77 days in prison and sustained economic and non-economic damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, plaintiff prays for judgment on Count I of his claim against Cornwell for:

A.      A sum in excess of Seventy Five Thousand Dollars ($75,000.00);

B.      For his costs and expenses in bringing this action;

C.      For punitive damages that are fair and reasonable and warranted by the evidence; and

D.     For such other relief as he may be entitled to by law or as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

Plaintiff Landon Prothro, for Count II of his causes of action against Cornwell, states and alleges as follows:

46.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 45 of this Complaint as though fully set forth herein.

47.     Cornwell and plaintiff entered in to a contract on or about December 21, 2011, whereby Cornwell agreed to represent plaintiff to correct plaintiff's sentence start date and plaintiff agreed to pay Cornwell $600.00.

48.     The contract between plaintiff and Cornwell imposed upon Cornwell a duty and obligation to exercise reasonable skill and care in representing plaintiff.

49.     The contract between plaintiff and Cornwell imposed upon Cornwell a duty and obligation to ensure that he took reasonable steps to represent plaintiff and to correct plaintiff's sentence start date.

50.     Cornwell breached his contract with plaintiff by failing to do anything whatsoever to represent plaintiff.

51.     As a direct and proximate result of Cornwell's breach of contract, plaintiff wrongfully served 77 days in prison and sustained economic and non-economic damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, plaintiff prays for judgment on Count II of his claim against Cornwell for:

A.     A sum in excess of Seventy Five Thousand Dollars ($75,000.00);

B.     For his costs and expenses in bringing this action;

C.      For punitive damages that are fair and reasonable and warranted by the evidence; and

D.      For such other relief as he may be entitled to by law or as the Court deems just and proper.

## COUNT III – BREACH OF FIDUCIARY DUTY

Plaintiff Landon Prothro, for Count III of his causes of action against Cornwell, states and alleges as follows:

52.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 51 of this Complaint as though fully set forth herein.

53.     Cornwell had a duty to act in good faith and with due regard to the interests of plaintiff in representing plaintiff to correct his sentence start date.

54.     Cornwell breached his duty to act in good faith and in due regard to plaintiff's interests by failing to perform in accordance with the oral and written agreements made with plaintiff, and by failing to do anything whatsoever to represent plaintiff.

55.     As a direct and proximate result of Cornwell's breach of fiduciary duty, plaintiff wrongfully served 77 days in prison and sustained economic and non-economic damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, plaintiff prays for judgment on Count III of his claim against Cornwell for:

A.      A sum in excess of Seventy Five Thousand Dollars ($75,000.00);

B.      For his costs and expenses in bringing this action;

C.      For punitive damages that are fair and reasonable and warranted by the evidence; and

D.      For such other relief as he may be entitled to by law or as the Court deems just and proper.

## COUNT IV – VIOLATIONS OF THE KANSAS CONSUMER PROTECTION ACT

Plaintiff Landon Prothro, for Count IV of his causes of action against Cornwell, states and alleges as follows:

56.    Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 55 of this Complaint as though fully set forth herein.

57.    Cornwell engaged in deceptive acts and practices in connection with a consumer transaction, to wit; representing and advertising that he was competent and that he possessed and would use appropriately skill, care and judgment in representing plaintiff.

58.    Cornwell's deceptive acts and practices include, but are not limited to, the following:

A.      Representing that he was a diligent and competent attorney;

B.      Failing to contact the Johnson County District Attorney's Office on plaintiff's behalf;

C.      Failing to send an email, a letter, a fax or any other document to the Johnson County District Attorney's office on plaintiff's behalf;

D.      Failing to meet with anyone at the Johnson County District Attorney's office on plaintiff's behalf;

E.      Failing to meet with Assistant District Attorney Chris McMullin on plaintiff's behalf;

13

F.   Repeatedly lying to plaintiff about having met with and spoken to Johnson County Assistant District Attorney Chris McMullin on plaintiff's behalf;

G.   Failing to file any motions or other paperwork of any kind with any court in an effort to have plaintiff's sentence start date corrected;

H.   Failing to keep plaintiff informed about the status of his case and the efforts he had taken to correct plaintiff's sentence start date;

I.   Failing to open correspondence from plaintiff that Cornwell had requested to assist with his representation of plaintiff;

J.    Repeatedly and intentionally lying to plaintiff about the efforts he was taking to represent plaintiff; and

K.   Failing to take any action whatsoever to represent plaintiff.

59.   The aforesaid statements and representations were not true and constitute deceptive acts in violation of the Kansas Consumer Protection Act, K.S.A. § 50-623, et seq.

60.   As a direct and proximate result of Cornwell's violation of the Kansas Consumer Protection Act, plaintiff wrongfully served 77 days in prison and sustained economic and non-economic damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, plaintiff prays for judgment on Count IV of his claim against Cornwell for:

A.   A sum in excess of Seventy Five Thousand Dollars ($75,000.00);

B.   For his attorney's fees, costs and expenses in bringing this action;

14

C.      For civil penalties as provided for in the Kansas Consumer Protection Act; and

D.      For such other relief as he may be entitled to by law or as the Court deems just and proper.

### COUNT V – FRAUD

Plaintiff Landon Prothro, for Count V of his causes of action against Cornwell, states and alleges as follows:

61.      Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62.      Cornwell intentionally failed to disclose material information about his competence and his representation of plaintiff and intentionally misrepresented to plaintiff the efforts he was taking on plaintiff's behalf.

63.      Cornwell had a duty to disclose to plaintiff all material facts about his competence and his representation of plaintiff and these material facts were within the exclusive knowledge Cornwell and not available to plaintiff.

64.      Cornwell knew that plaintiff was not aware of the material facts affecting his representation of plaintiff and his competence and that these material facts were vital to plaintiff's decision to retain Cornwell and to allow Cornwell to continue to represent him.

65.      Plaintiff lacked knowledge and training in the criminal justice system and justifiably relied on Cornwell to fully disclose all material facts about his competence and his representation of plaintiff.

66.      Cornwell's non-disclosure of material facts and/or his intentional misrepresentations of material facts to plaintiff about his competence and his

representation of plaintiff were wanton, intentional, willful, purposeful, malicious and/or undertaken in conscious disregard for the truth.

67.     If plaintiff had been apprised of Cornwell's incompetence and all material information about Cornwell's failure to represent plaintiff, plaintiff would not have agreed to retain Cornwell and/or would not have allowed Cornwell to continue representing him.

68.     As a direct and proximate result of Cornwell's non-disclosure of material facts and/or his intentional misrepresentations of material facts to plaintiff about his competency and his representation of plaintiff, plaintiff wrongfully served 77 days in prison and sustained economic and non-economic damages in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, plaintiff prays for judgment on Count V of his claim against Cornwell for:

A.     A sum in excess of Seventy Five Thousand Dollars ($75,000.00);

B.     For his costs and expenses in bringing this action;

C.     For punitive damages that are fair and reasonable and warranted by the evidence; and

D.     For such other relief as he may be entitled to by law or as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Landon Prothro hereby requests a trial by jury in the above-captioned case.

## DESIGNATION OF PLACE OF TRIAL

16

Plaintiff Landon Prothro hereby designates Kansas City, Kansas as the place for trial in the above-captioned case.

HAMILTON LAW FIRM LLC

By: _/s/  Patrick A. Hamilton_____
Patrick A. Hamilton, KS Bar No. 16154
13420 Santa Fe Trail Drive
Lenexa, KS 66215
PHONE: (913) 888-7100
FAX: (913) 888-7388
patrick@hamilton-lawfirm.com